UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL HERNANDEZ-MURILLO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | Civil No. 05-CV-0135-L <br> Criminal No. 00-CR-1198-L <br><br> **ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Currently pending before the Court is Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 which has been construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1]  Petitioner has submitted supplemental authorities in support of his Petition and has filed a reply to the Government's response to his motion.  Having reviewed all of these submissions as well as the record of proceedings before this Court, the Court concludes that Petitioner has failed to demonstrate that his sentence was imposed in violation of the Constitution or the laws of the United States.  Accordingly, the Court must deny Petitioner's motion.

---

[1] On March 14, 2005, having received the consent of Petitioner, the Court signed an order construing Petitioner's Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 as a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

**BACKGROUND**

On July 24, 2000, Petitioner Ismael Hernandez-Murillo pled guilty to one count of importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. Petitioner was subsequently sentenced to a 30-month term of imprisonment and supervised release for a term of 3 years.

Petitioner served his term of imprisonment and commenced his term of supervised release on June 12, 2002. On April 29, 2004, the United States Department of Probation petitioned this Court for issuance of a bench warrant based upon the allegations that Petitioner had violated the terms of his supervised release by committing the crime of encouraging and inducing an illegal alien to enter the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and failing to report to the probation officer as required.

The Court issued a warrant for Petitioner's arrest and, on June 28, 2004, Petitioner was brought before this Court to show cause why his supervised release should not be revoked for the violations alleged in the petition. After requesting a continuance, Petitioner admitted the first allegation of the petition on August 10, 2004. The Court found Petitioner in violation of supervised release, revoked supervised release, and sentenced Petitioner to the custody of the Bureau of Prisons for a term of 21 months.

**DISCUSSION**

Petitioner contends that the sentence imposed as a result of his violation of supervised release must be vacated on the following grounds: 1) the Court impermissibly relied upon information provided by the Probation Department and referred to the United States Sentencing Guidelines ("USSG") in determining Petitioner's sentence; 2) Petitioner's counsel was ineffective for failing to challenge Petitioner's criminal history category; 3) the conduct upon which the supervised release revocation was based was not prosecuted; 4) the sentence imposed was unreasonable due to the Court's failure to consider certain factors under 18 U.S.C. § 3553(a); and 5) Petitioner received a lesser sentence for a previous conviction which involved conduct similar to the conduct forming the basis of the supervised release revocation. The Court finds no merit in any of these contentions.

First, the Court's reference to information provided by the Probation Department and the

applicable sentencing guidelines was entirely appropriate.  Petitioner contends he was entitled to a jury determination of all facts legally essential to his sentence, however there is no right to a jury trial in supervised release revocation proceedings.  *See Johnson v. United States*, 529 U.S. 694, 700 (2000) ("Although [supervised release] violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt.").  Furthermore, Petitioner admitted violating his supervised release.   Thus, the Court's order revoking supervised release was based upon Petitioner's own admission, no factual determination was made.

Petitioner argues that the Court erred by relying on the criminal history category set forth in the Presentence Report ("PSR") in arriving at his sentence.  However, the Court was required to use the criminal history category applicable at the time the defendant originally was sentenced to supervised release.  USSG § 7B1.4(a).  A term of supervised release is part of the punishment for the original crime and part of the sentence authorized by conviction.  *United States v. Huerta-Pimental*, 445 F.3d 1220, 1223 (9th Cir. 2006).  Therefore, it is entirely appropriate that the criminal history applicable at the time of conviction was utilized in determining the appropriate sentence upon Petitioner's violation of supervised release.  Furthermore, Petitioner waived any error with respect to the convictions set forth in the PSR by failing to object at the time sentence was originally imposed.  Moreover, Petitioner has failed to demonstrate any infirmity regarding any of the convictions set forth in the PSR, nor has he demonstrated any prejudice arising as a result of their inclusion in the PSR.[2]  Therefore, there was no error in the Court's determination at the supervised release revocation hearing that Petitioner's criminal history category was a level VI as set forth in the PSR.  Because there was no error, the Court must also reject Petitioner's claim that he was deprived of effective assistance counsel by his attorney's failure to object to the Court's use of the criminal history category set forth in the PSR.

Petitioner also suggests it was error for the Court to rely on the Sentencing Guidelines at

---

[2] All combined, the convictions set forth in the PSR total 21 criminal history points, far exceeding the 13-point threshold required for a criminal history category of VI.

all. Petitioner does not elaborate on the basis for this objection, however, the Court notes that *United States v. Booker*, 543 U.S. 220 (2005), has no effect on the revocation of supervised release. *Huerta-Pimental*, 445 F.3d at 1224. Therefore, if Petitioner's objection is based upon some formulation of *Booker* and the mandatory versus advisory nature of the Sentencing Guidelines, it is unavailing.

Petitioner contends that the conduct admitted by him was incorrectly determined by the Court to constitute a Grade B supervised release violation. Petitioner entered an admission to Allegation Number 1 of the Probation Department petition which charged Petitioner with violating the condition that he not commit another federal, state, or local crime by the following means:

> On April 27, 2004, Mr. Hernandez-Murillo encouraged and induced an illegal alien to enter into the United States from Mexico in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), as evidenced by the arrest report furnished by the United States Department of Justice Immigration and Naturalization Service.

Petition for Warrant or Summons for Offender Under Supervision, Doc. No. 26, at 2.

A violation of 8 U.S.C. § 1324(a)(1)(A)(iv) is punishable by a term of imprisonment exceeding one year. 8 U.S.C. § 1324(a)(1)(B)(ii) (authorizing a maximum penalty of 5 years imprisonment for a violation of subparagraph (A)(iv)). Grade B violations are defined as "conduct constituting any ... federal, state, or local offense punishable by a term of imprisonment exceeding one year [other than those listed as Grade A violations]." USSG § 7B1.1(a)(2). Therefore, Petitioner's violation was accurately categorized as a Grade B violation.

A Grade B violation with a criminal history category VI carries a range of imprisonment between 21 to 27 months. USSG § 7B1.4(a). In Petitioner's case, this range was capped at 24 months because his underlying offense is a Class D felony. *See* 18 U.S.C. § 3559(a)(4) (defining "Class D" felony); 21 U.S.C. § 960(b)(4) (imposing qualifying penalty); 18 U.S.C. § 3583(e)(3) (setting forth maximum term of imprisonment upon revocation of supervised release). Therefore, Petitioner's sentencing range was 21 to 24 months; his 21-month sentence fell within the appropriate range.

Petitioner also claims he is entitled to relief because the conduct underlying the

revocation of his supervised release was never prosecuted. A violation of supervised release is determined on the basis of the defendant's conduct, it may be found regardless of whether the defendant was ever indicted or convicted of any particular offense. *United States v. Jolibois*, 294 F.3d 1110, 1114 (9th Cir. 2002). As such, Petitioner's admission to conduct constituting an offense was a proper basis for revocation of his supervised release.

Petitioner further argues he is entitled to Section 2255 relief because his sentence was unreasonable. Petitioner contends that the Court failed to consider certain factors applicable under 18 U.S.C. § 3553(a), such as his mother's recent passing and the fact that he committed the offense constituting the supervised release violation while on medication. The Court notes that both of these factors were brought to the Court's attention at the time of sentencing. (Gov.'s Resp., Ex. 17 at 5-6.) Thus, there is every indication that these factors were in fact considered by the Court. In any event, Petitioner has failed to demonstrate that his sentence, which was the minimum term authorized under the Sentencing Guidelines, was unreasonable.

Finally, Petitioner contends that his sentence must be vacated because he received a lesser sentence for a previous conviction which involved conduct similar to the conduct forming the basis of the supervised release revocation. Petitioner provides no legal basis to support this contention, nor could he, as there is no legal requirement that a person receive the same sentence each time he or she commits a particular offense. To the contrary, a person's willingness to commit a repeat offense has traditionally been considered an indication that a more severe sentence is warranted. *See e.g., Moore v. Missouri*, 159 U.S. 673, 677 (1895) ("[O]ne who proves, by a second or third conviction, that the former punishment has been inefficacious in doing the work of reform for which it was designed ... has evinced a depravity, which merits a greater punishment, and needs to be restrained by severer penalties than if it were his first offence.") (citations omitted)). Accordingly, the Court finds no merit in Petitioner's final contention.

## **CONCLUSION**

For the reasons set forth above, the Court finds Petitioner's sentence upon his violation of supervised release was properly calculated, based upon appropriate considerations, and

1  reasonable under the circumstances.  Petitioner has failed to demonstrate any violation of the
2  Constitution or the laws of the United States.  Accordingly, Petitioner's Motion to Vacate, Set
3  Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.
4      **IT IS SO ORDERED.**
5  DATED: January 17, 2007

                              M. James Lorenz
                              United States District Court Judge